# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 50132 | **DATE** | 1/26/2010 |
| **CASE TITLE** | \multicolumn{3}{l}{Suzanne Ehardt vs. Peter Austin, et al.} |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court grants the motion to dismiss [26] and dismisses all counts of the complaint. Plaintiff is given 21 days from the date of this order to file an amended complaint as to the claim for denial of a liberty interest in Count I and the claim for denial of equal protection in Count III. The agreed motion for extension of time to file response/reply [42] is granted.

*Philip G. Reinhard*

Electronic Notices.

■[ For further details see text below.]

## STATEMENT

Plaintiff, Suzanne Ehardt, filed a seventeen-count complaint against defendants, the County of McHenry (County), Peter Austin, individually and in his official capacity as McHenry County administrator, Kenneth Koehler, individually and in his official capacity as McHenry County board chairman, John Jung, Jr., individually and in his official capacity as McHenry County vice-chairman, Tina Hill, individually and in her official capacity as McHenry County board member, Barbara Wheeler, individually and in her official capacity as McHenry County board member, and John Kelly, in his official capacity as McHenry County hearing officer. Count I, against the County, claims that plaintiff was denied without due process a property interest in her continued employment and was denied without due process a liberty interest in future employment. In Count II, against Kelly, plaintiff alleges that the post-deprivation hearing conducted by Kelly was a sham which resulted in the denial without due process of her property interest in her continued employment. Count III is a claim for the denial of equal protection by the County. Count IV is a claim against the County for breach of contract based on plaintiff's alleged employment contract. Counts V-IX (against Austin, Koehler, Jung, Hill, and Wheeler, respectively) are claims for tortious interference with a contractual relationship. Counts X-XIV (against Austin, Koehler, Jung, Hill, and Wheeler, respectively) alleges claims for tortious interference with a business relationship. In Count XV, plaintiff seeks a mandamus order compelling the County to reinstate her to her former position. Count XVI seeks a declaratory judgment against the County. Lastly, Count XVII, against the County, is a claim for a common law writ of certiorari. Defendants have moved to dismiss all claims against all defendants, and plaintiff has filed a reply.[1]

Rule 8 of the Federal Rules of Civil Procedure, which reflects a liberal notice pleading regime, provides, in pertinent part, that a pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Brooks v. Ross, 578 F. 3d 574, 580 (7th Cir. 2009). Within that context, a plaintiff's factual allegations must be enough to raise a right to relief above the speculative level. Brooks, 578 F. 3d at 580-81, citing Bell Atlantic Corp. v. Twombly, 550 U.S. 594 (2007). In other words, it requires enough facts to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations. Brooks, 578 F. 3d at 581. At some point, however, the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of a claim to which a defendant is entitled under Rule 8. Brooks, 578 F. 3d at 581. Further, a court need not accept as true legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements. Brooks, 578 F. 3d at 581, referring to Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). Plaintiffs who merely parrot the elements of their claims, rather than providing some specific facts to ground those legal claims, do not provide the showing required by Rule 8. Brooks, 578 F. 3d at 581.

**Count I**
**1. Denial of property interest - employee handbook**

Plaintiff contends that she had a property interest in her continued employment based on the employee handbook. To establish a due process claim, a plaintiff must show: (1) that she had a constitutionally protected property interest; (2) that she suffered a loss of that interest amounting to a deprivation; and (3) that the deprivation occurred without due process of law. Moss v. Martin, 473 F. 3d 694, 700 (7th Cir. 2007). Because plaintiff here was employed in Illinois, she must show under Illinois law that she had a property interest in her employment. Moss, 473 F. 3d at 700.

Under Illinois law, a person has a property interest in her job only where she has a legitimate expectation of continued employment based on a legitimate claim of entitlement. Moss, 473 F. 3d at 700. To show such a legitimate expectation, a plaintiff must show a specific ordinance, state law, contract or understanding limiting the ability of the governmental entity to discharge her. Moss, 473 F. 3d at 700.

In Illinois, an employee handbook has the potential to give rise to a contract between an employer and employee. Moss, 473 F. 3d at 700. A handbook that contains a clear promise of continued employment gives rise to legal entitlements. Moss, 473 F. 3d at 700. On the other hand, disclaimer language in a handbook may preclude the formation of an employment contract. Moss, 473 F. 3d at 700-01; see also Garcia v. Kankakee County Housing Auth., 279 F. 3d 532, 535-36 (7th Cir. 2002).

Here, the employee handbook, which plaintiff attached to her complaint, contains an explicit and obvious disclaimer in a section at the front of the handbook captioned "Disclaimer" in bold print. Of pertinence to this case, that section states that "[n]othing in this manual establishes contractual rights or obligations." The "disclaimer" section further states that both employer and employee have the " mutual right to terminate their employment relationship at any time for any reason-with or without cause." Finally, the disclaimer provides that employees, unless otherwise provided in a written contract, are "at-will" and " the employee relationship may be terminated at any time with or without cause."

It is hard to imagine a more clear notice to an employee that she is an at-will employee and that the handbook creates no contractual rights or other legitimate expectation of continued employment. This is so notwithstanding other language in the handbook pertaining to disciplinary policies and procedures, such as that set forth in Article VII. The provisions related to pre-discharge and post-deprivation hearings do not create substantive limitations on the ability of the County to discipline, including termination, but rather, are merely procedural mechanisms. An employee handbook's procedures do not create enforceable property rights to a job. Moss, 473 F. 3d at 701. Accordingly, plaintiff's claim of a denial of due process based on a property right in her job arising out of the employee handbook is dismissed.

**2. Denial of property right - ordinance**

Plaintiff alternatively asserts that she had a property interest in her job created by a county ordinance which provides, in pertinent part, that a department head such as plaintiff may not be dismissed unless the liaison committee approves and that any such dismissal must be pursuant to the procedures in the employee handbook.

A property interest in continued employment may arise under an ordinance. Miyler v. Village of East Galesburg, 512 F. 3d 896, 898 (7th Cir. 2008). In order for an ordinance to create such a property interest, it must provide some substantive criteria limiting the employment discretion such as an employee can only be fired for cause. Miyler, 512 F. 3d at 898. An ordinance that merely provides procedures to be followed does not include a substantive right and does not establish a property interest protected by due process. Miyler, 512 F. 3d at 898.

In this case, the ordinance relied on by plaintiff contains no substantive limitations on terminating an employee. The language relied on by plaintiff is merely a matter of procedure. Further, the reference to procedures in the employee handbook is equally unavailing for the reasons previously discussed. To the extent the claim in Count I relies on the ordinance it also is dismissed.

**3. Denial of liberty interest**

To find a violation of a constitutionally protected liberty interest where the state actor is the employer, a plaintiff would have to show that the defendant called into question her good name, reputation, honor or integrity in a

**STATEMENT**

way that makes it virtually impossible for the employee to find new employment in her chosen field. McMahon v. Kindlarski, 512 F. 3d 983, 988 (7th Cir. 2008). Mere defamation, while actionable under state law, does not deprive a person of the liberty protected by the Fourteenth Amendment. McMahon, 512 F. 3d at 988. This is so even if the defamation causes serious impairment of future employment opportunities. McMahon, 512 F. 3d at 988. Put another way, an individual has no cognizable liberty interest in her reputation. Boyd v. Owen, 481 F. 3d 520, 524 (7th Cir. 2007).

Here, plaintiff's barebones allegations are insufficient to plead a claim for a denial of a liberty interest. Her reference to "disparaging remarks," along with the allegation that she has been " unable to obtain a [similar] position," are conclusory and too sketchy to provide defendant with adequate notice of her claim. See Brooks, 578 F. 3d at 581( requiring some allegations of specific facts to support legal claims). Thus, the court dismisses Count I to the extent plaintiff is seeking to plead a denial of a liberty interest.

**Count II**

Count II, against Kelly, is a claim for a denial of due process based on the previously alleged property interest in continued employment combined with an alleged "sham" post-deprivation hearing conducted by Kelly. This claim fails and is dismissed for the simple reason, as already discussed, that plaintiff had no property interest as alleged and that the procedural "right" to a post-deprivation hearing did not place any substantive limitations on her termination and did not create any enforceable property right in her continued employment.

**Count III**

Plaintiff asserts a claim of the denial of equal protection in Count III. To show a violation of equal protection, a plaintiff must prove that a defendant's actions had a discriminatory effect and were motivated by a discriminatory purpose. Chavez v. Illinois State Police, 251 F. 3d 612, 635-36 (7th Cir. 2001). To prove discriminatory effect, a plaintiff must show she is a member of a protected class, that she is otherwise similarly situated to members of the unprotected class, and that she was treated differently from members of the unprotected class. Chavez, 251 F. 3d at 636. To establish discriminatory intent, a plaintiff must show that the decision maker acted with discriminatory purpose in her case. Chavez, 251 F. 3d at 645. Discriminatory purpose implies that the decision maker selected a course of action at least in part because of its adverse effects on a member of the protected class. Chavez, 251 F. 3d at 645.

Here, plaintiff does not set forth allegations sufficient to state a claim for a violation of equal protection. She merely alleges that other department heads "similarly situated" were "alleged" to have engaged in rude and unprofessional behavior but were not terminated. She does not provide specific factual allegations that touch on the elements of discriminatory effect and intent as required by Rule 8. See Brooks, 578 F. 3d at 581. Therefore, the court dismisses Count III for failure to state a claim.[2]

**Count IV**

Count IV, a state-law claim for breach of contract, is dismissed as plaintiff has failed to plead that a contract existed under the handbook as previously discussed.

**Counts V-IX**

Counts V-IX are all premised on a claim of tortious interference with a contractual relationship. This claim, in turn, is based on the allegations that plaintiff had an enforceable employment contract with the County.

To state a claim for tortious interference with contractual rights, a plaintiff must plead: (1) the existence of a contract; (2) the defendant's awareness of the contract; (3) the intended inducement of a contractual breach; (4) an actual breach of the contract; and (5) damages. Cody v. Harris, 409 F. 3d 853, 859 (7th Cir. 2005). In this case, plaintiff's claim fails as there is no enforceable employment contract based on the allegations and the materials attached to the complaint. Accordingly, there can be no tortious interference, and Counts V-IX are dismissed.

**Counts X-XIV**

In Counts X-XIV, plaintiff alleges a tortious interference with a business relationship. According to the allegations, plaintiff had a business relationship with the County as an employee and these defendants were aware of, and interfered with, that relationship by causing her to be terminated in violation of the ordinance.

The elements of this claim are: (1) a reasonable expectation of entering into a valid business relationship; (2) the defendant's knowledge of the plaintiff's expectancy; (3) action by the defendant to purposefully interfere and prevent the expectation from becoming a valid business relationship; and (4) damages. Visco Financial Serv. Ltd. v. Siegel, 2008 WL 5170855, * 2 (N.D. Ill. Dec. 10, 2008), citing Dowd v. Dowd, Ltd., 181 Ill. 2d 460 (1998). The tort

**STATEMENT**

further requires a showing of action by the defendant toward a third party. <u>Adams v. Catrambone</u>, 359 F. 3d 858, 865 (7th Cir. 2004), citing <u>Vickers v. Abbott</u>, 308 Ill. App. 3d 393 (1999).

In this case, plaintiff's claim fails as she has not alleged any third-party interference. Alleging interference by various county board members, who act on behalf of the County, is insufficient. Further, plaintiff has not alleged a prospective business relationship that was prevented from coming to fruition, nor does she have a reasonable expectation of continued employment in light of her at-will employment status. See <u>Cody</u>, 409 F. 3d at 859. Interference with an existing business relationship does not satisfy the tort. If it did, any terminated employee could simply bring such a claim and turn the concept of at-will employment on its head. Therefore, the court dismisses Counts X-XIV.

**Count XV**

The claim for mandamus is dismissed as plaintiff has not set forth any proper basis for her to be reinstated. Not only that, but were she to establish an invalid termination, then reinstatement would be considered as an element of her damages, making the need for mandamus superfluous.

**Count XVI**

The claim for declaratory judgment is dismissed as plaintiff has not alleged any tangible legal interest. See <u>Fragakis v. The Illinois State Toll Highway Auth.</u>, 2006 WL 533359, * 4 (N.D. Ill. Mar. 3, 2006); see also <u>Hegeler v. The Illinois State Toll Highway Auth.</u>, 2005 WL 2861051, * 3 (N.D. Ill. Nov. 1, 2005).

**Count XVII**

The court dismisses the claim for a common law writ of certiorari because plaintiff has not alleged a property right in her continued employment as required to succeed on that form of relief. See <u>Fragakis</u>, at * 4; <u>Hegeler</u>, at * 3.

**Conclusion**

For the foregoing reasons, the court grants the motion to dismiss and dismisses all counts of the complaint. Plaintiff is given 21 days from the date of this order to file an amended complaint as to the claim for denial of a liberty interest in Count I and the claim for denial of equal protection in Count III.

1. Plaintiff filed an agreed motion for leave to file a reply brief in excess of 15 pages, which motion the court grants.

2. To the extent plaintiff is alleging an equal protection claim based on a class of one theory, she fails to state a claim as a public employee. See <u>Enquist v. Oregon Dept. of Agriculture</u>, 121 S. Ct. 2146, 2148-49 (2008).